IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-283-BO

| | |
|---|---|
| JEANNE T. BARTELS, by and through WILLIAM H. BARTLES, Attorney-in-fact, JOSEPH J. PFOHL, Executor of the Estate of BERNICE C. PFOHL, and CLAIRE M. MURPHY, by and through MICHELE MULLEN, Attorney-in-fact, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>SABER HEALTHCARE GROUP, LLC, *et al.*,<br><br>                Defendants. | <u>O R D E R</u> |

This cause comes before the Court on plaintiffs' motion to appoint expert monitor, defendant's motion to stay and compel arbitration, and plaintiffs' motion to remand. The appropriate responses and replied have been filed and the matters are ripe for ruling. For the reasons discussed below, this action is remanded to Franklin County Superior Court.

BACKGROUND

Plaintiffs filed this action in Franklin County Superior Court as a putative class action alleging claims arising from defendants' failure to comply with their contractual and statutory obligations to provide assisted living services that meet the needs of the residents of defendants' North Carolina Care Centers. Plaintiffs allege that defendants' North Carolina Care Centers have failed and continue to fail to provide sufficient services to meet the basic needs of their

residents, including adequate bathing and timely provision of medication, and that defendants consistently understaff the North Carolina Care Centers to the detriment of the residents and in violation of North Carolina law. Plaintiffs filed an amended complaint as of right adding an additional named plaintiff, and plaintiffs allege claims for breach of contract and unfair trade practices and seek injunctive relief.

While still proceeding in state court plaintiffs moved for a preliminary injunction. A hearing was held before a superior court judge who, at the hearing, orally granted plaintiffs' motion but made entry of the injunction dependent on his issuance of a written order. [DE 38-2 at 60]. Prior to the written order being entered on May 31, 2016 [DE 34-1], defendants removed the matter to this Court on the basis of its diversity jurisdiction as well as the Class Action Fairness Act of 2005. [DE 1]; 28 U.S.C. §§ 1332(d); 1453.

This Court held a hearing on June 24, 2016, and following the hearing ordered that it would consider the pending motions filed by the parties after they became ripe for ruling.

## DISCUSSION

Because it concerns the Court's subject matter jurisdiction, the Court considers first plaintiff's motion to remand. *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999). Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

2

Plaintiffs contend that a valid forum selection clause precludes jurisdiction in this Court. Each named plaintiff as alleged was a resident of Franklin Manor, a defendant facility in Franklin County, North Carolina.[1] [DE 2-4]. Each plaintiff entered into a written contract with defendants called an Assisted Living Residency Agreement. [DE 2-4 Ex. A]. This agreement provides that it

> shall be construed in accordance with the laws of the State of North Carolina, and the county in which the Facility is located shall be the sole and exclusive venue for any dispute between the parties, including, but not limited to, litigation . . . that may be brought, arise out of or in connection with or by reason of this Agreement.

*Id.*

A forum selection clause is prima facie valid and should be enforced unless found to be "unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (internal quotation and citation omitted). Neither party contests the validity or reasonableness of the forum selection clause. Rather, the question for the Court is whether the forum selection clause in plaintiffs' contracts with defendants results in a waiver of defendants' right to remove plaintiffs' case to this Court. A further question presented by defendants is whether, even if this may be so, the Class Action Fairness Act trumps the valid forum selection clause. The Court addresses each question in turn.

Forum selection clauses may be mandatory or permissive. *See Unistaff, Inc. v. Koosharem Corp.*, 667 F. Supp. 2d 616, 619 (E.D. Va. 2009). The clause at issue here provides for the sole and exclusive venue, which the Court interprets to be a mandatory forum selection clause. *See id.* "If the forum selection clause is mandatory, the Court must [then] determine what, precisely, the clause mandates." *Id.*

---

[1] Plaintiff Murphy is alleged to have been a resident of Franklin Manor from 7 April 2015 through 1 January 2016. She was then briefly a resident of defendants' facility Gabriel Manor but returned to Franklin Manor on or about 22 April 2016 and was a resident at Franklin Manor at the time of the filing of the amended complaint.

3

This forum selection clause limits as the sole and exclusive venue "the county in which the Facility is located." For these named plaintiffs, that is Franklin County, North Carolina. Defendants argue that because Franklin County lies within this judicial district, jurisdiction is proper in this Court under the plain terms of the forum selection clause. The parties agree that there is no federal courthouse located in Franklin County.

"Federal courts are split as to whether a forum selection clause precludes venue in a federal district court when the language of the clause (1) limits venue to a municipality or county (2) in which a federal court does not physically sit." *Rihani v. Team Exp. Distrib., LLC*, 711 F. Supp. 2d 557, 560 (D. Md. 2010) (listing cases). As the *Rihani* court explained, the Fourth Circuit has not squarely addressed this issue, but has in an unpublished opinion considered the distinction between a geographic forum limitation, which would permit litigation in "either a federal or state court within the specified geographic boundary," and limitations on sovereignty, which requires an action "be filed in the courts of the state sovereign." *Ferri Contracting Co. v. Town of Masontown, W. Virginia*, No. 03-1303, 2003 WL 22244905, at *1 (4th Cir. Sept. 29, 2003).

Although *Ferri Contracting* has been applied to dictate that a forum selection clause similar to that presented here did not preclude federal jurisdiction, *Nahigian v. Juno-Loudoun, LLC*, 661 F. Supp. 2d 563, 568 (E.D. Va. 2009); *see also Seventeen S., LLC v. D.R. Horton, Inc.*, No. 4:13-CV-03119-BHH, 2015 WL 337639, at *6 (D.S.C. Jan. 26, 2015), this Court is persuaded by the reasoning of *Rihani* and other cases which have held that where a forum selection clause limits venue to a geographic location which does not encompass a federal district court, the right to remove to federal court has been waived. *See Rihani*, 711 F. Supp. 2d at 561 (applying similar geographic limitation to court in a particular county and finding "no

4

reason why a limitation of geography cannot also create a *de facto* limitation of sovereignty."); *see also Match Factors, Inc. v. Mickey B. Henson Enterprises, Inc.*, No. 4:10-CV-00062-FL, 2011 WL 1101363, at *10 (E.D.N.C. Mar. 1, 2011), report and recommendation adopted, No. 4:10-CV-62-FL, 2011 WL 1081980 (E.D.N.C. Mar. 23, 2011) (adopting reasoning of *Rihani* to find that geographic limitation could also impose sovereignty limitation). This reasoning is further consistent with case law from other circuits. *See, e.g., Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) (forum selection clause which provided for venue and trial "in Nassau County, New York" excluded federal jurisdiction where no federal court was located in Nassau County); *Collin Cty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 52 (5th Cir. 2007) (lack of federal courthouse in county to which venue was limited renders the venue limitation clause a waiver of right to remove); *Redwood Hill Farm & Creamery, Inc. v. Barry-Wehmiller Design Grp., Inc.*, No. 16-CV-03200-JST, 2016 WL 4710194, at *2 (N.D. Cal. Sept. 9, 2016) (federal district court cannot be considered "in" a county in which the district court does not have physical presence); *see also Cosey v. Prudential Ins. Co. of Am.*, 735 F.3d 161, 169 (4th Cir. 2013) (any ambiguities in contract construed against the drafting party).

In light of the foregoing persuasive authority,[2] the Court holds that the forum selection clause at issue in this matter limits jurisdiction to the state courts in Franklin County, North Carolina. Defendants next argue that the Class Action Fairness Act (CAFA) serves to trump the

---

[2] The Court is not persuaded by defendants' argument that plaintiffs have waived the forum selection clause by bringing claims not based expressly on the contract, *see Se. Coastal Dev. Fund, L.L.C. v. Commercial Real Estate Inc.*, No. 5:08-CV-15-F, 2009 WL 928543, at *11 (E.D.N.C. Apr. 3, 2009) (citing first, ninth, and third circuit cases holding that tort claims which involve the same operative facts as breach of contract claim are governed by forum selection clause), or by including defendants not technically parties to the contracts but which are as plaintiffs allege closely related to or alter egos of the contracting party. *See Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993); *see also Belfiore v. Summit Fed. Credit Union*, 452 F. Supp. 2d 629, 633 (D. Md. 2006) (listing cases holding same). Indeed, defendants state in their Notice of Removal that defendant Saber HealthCare Holdings, LLC is the sole member of each defendant LLC.

5

forum selection clause to allow this Court to exercise jurisdiction over this matter. The Court disagrees.

"CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014). Although, as noted above, removal jurisdiction is generally strictly construed, in light of Congress' intent to facilitate the adjudication of certain class action cases in federal court, "no antiremoval presumption attends cases invoking CAFA." *Id.* at 554. The Court, however, is not aware of and defendants have not provided a case in which a court has held that the lack of antiremoval presumption under CAFA is sufficient to trump a valid waiver of the right to remove.

On the contrary, "courts have held that the CAFA, like other federal statutes subject to the civil venue statutes, does not preempt a valid forum-selection clause." *Mendoza v. Microsoft, Inc.*, 1 F. Supp. 3d 533, 551 (W.D. Tex. 2014); *see also Pizzeria v. Harbortouch*, No. 13-CV-0058 JAP, 2013 WL 4008914, at *3 n.1 (D.N.J. Aug. 5, 2013); *Piechur v. Redbox Automated Retail, LLC*, No. 09-CV-984-JPG, 2010 WL 706047, at *2 (S.D. Ill. Feb. 24, 2010). Accordingly, in the absence of any binding precedent to the contrary, the Court holds that CAFA does not in this instance trump the valid forum selection clause between the parties. Remand of this matter is therefore proper.

Finally, defendants ask that if this Court is inclined to remand this matter that it stay the remand pending appeal, citing as a basis for the stay that "parallel state and federal proceedings would prejudice the parties and waste judicial resources." [DE 46]. Plaintiffs have submitted in support of their opposition to a stay a preliminary injunction order entered by Superior Court

Judge Stephens which will purportedly take effect upon remand. [DE 47-1]. As it appears that an injunction will become effective upon remand, and in the absence of any showing by defendants of the applicable factors regarding a stay as well as the brevity of an appeal under 28 U.S.C. § 1453, the Court finds that the balance of hardships weighs against entry of a stay. *See Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970) ("party seeking a stay [in the district court] must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay."). The request for a stay is therefore denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand [DE 36] is GRANTED. This action is hereby REMANDED to the Superior Court of Franklin County, North Carolina. Plaintiffs' request for fees associated with their motion is denied. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' request for stay of remand is DENIED.

SO ORDERED, this 25 day of October, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE