IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-283-BO

EDWARD BARTELS, Administrator of )
The ESTATE OF JEANNE T. BARTELS, )
and JOSEPH J. PFOHL, Executor of the )
Estate of BERNICE C. PFOHL, on behalf )
of themselves and all others similarly )
situated, )
 )
                        Plaintiffs,[1] )
 )       O R D E R
v. )
 )
SABER HEALTHCARE GROUP, LLC, )
*et al.*, )
 )
                        Defendants. )

This cause comes before the Court following remand by the court of appeals. The sole issue to be decided on remand is whether plaintiffs have, after being permitted a period within which to engage in limited discovery, satisfied their burden to demonstrate that all of the defendants are alter egos of one another or are otherwise bound by the Franklin Manor forum-selection clause. *Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018). For the reasons that follow, the Court finds that plaintiffs have satisfied their burden and this matter is remanded to Franklin County Superior Court.

---

[1] On November 15, 2016, while this matter was pending before the court of appeals, plaintiffs filed a request to amend the docket to reflect the voluntary dismissal of the claims of Claire M. Murphy. [DE 56]. The request is ALLOWED and the clerk is DIRECTED to amend the docket accordingly. The clerk is further DIRECTED to amend the docket to reflect the corrected party for plaintiff Jeanne Bartels, pursuant to the state court's order entered August 17, 2017. [DE 73-15].

## BACKGROUND

The Court dispenses with a recitation of the factual background of this matter and incorporates as if fully set forth herein the background provided in its previous order. *See* [DE 49]. In sum, following this Court's order remanding this action to Franklin County, the court of appeals held as follows:

> [I]n the removal context, an enforceable forum-selection clause essentially operates as an affirmative defense to removal—subject-matter jurisdiction exists, but the forum-selection clause effects a waiver of the defendant's right to ask the court to exercise that jurisdiction [, and] [t]he party asserting an affirmative defense bears the burden of proving it . . . . [A]lthough the plain language of the Franklin Manor forum-selection clause precludes removal, the question remains whether all of the Saber defendants are alter egos or otherwise bound by the clause.

*Bartels*, 880 F.3d at 681 (4th Cir. 2018). The Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), provides that only one defendant need consent to removal, and thus if one defendant is not bound by the Franklin Manor forum-selection clause then removal to this Court was proper.

## DISCUSSION

When a plaintiff seeks to establish that one of the statutory exceptions to jurisdiction under CAFA applies, and thus that the court may not or should decline to exercise removal jurisdiction over the case, the plaintiff must establish that the exception applies by a preponderance of the evidence. *See Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 388 (6th Cir. 2016) ("party seeking to remand under an exception to CAFA bears the burden of establishing each element of the exception by a preponderance of the evidence."); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (district court makes factual findings regarding jurisdiction under preponderance standard).

Here, however, plaintiffs' burden is to show that the forum-selection clause contained in the Franklin Manor contract should apply not only to defendant Franklin Manor, a party to the

2

contract, but also to the other named defendants. Because, unlike the inquiry under CAFA, whether a forum-selection clause applies does not implicate the Court's subject matter jurisdiction, *see Bartels*, 880 F.3d at 680 ("a forum-selection clause has nothing to do with subject-matter jurisdiction"), and because a forum-selection clause "merely determines in what court or court system [] liability" should be determined, *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 441 (7th Cir. 2012), the Court has determined that the inquiry required here should follow the standard for challenging venue under Rule 12. *See Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006) (consideration of motion to dismiss pursuant to forum-selection clause should be treated as a Rule 12(b)(3) motion).

In this circuit, consideration of evidence outside the pleadings is permitted when deciding a venue challenge, *Sucampo*, 471 F.3d at 550, and "[t]o survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *see also Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365–66 (4th Cir. 2012); *Cranford v. Tennessee Steel Haulers, Inc.*, No. CV ELH-17-2768, 2018 WL 3496428, at *2 (D. Md. July 20, 2018). If an evidentiary hearing is held, a plaintiff must demonstrate proper venue by a preponderance of the evidence. *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 925 (E.D. Va. 2017).

While the Court has permitted the parties time within which to conduct limited discovery, it has not held an evidentiary hearing. Thus, the Court will consider matters outside the pleadings but require plaintiffs to make only a prima facie showing that venue in Franklin County Superior Court is proper, and in doing so will view the facts in the light most favorable to plaintiffs. *Aggarao*, 675 F.3d at 366.

> "[T]raditional principles" of state law allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil,

3

alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel . . ..

*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009); *see also Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416 (4th Cir. 2000); *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995).[2] Plaintiffs primarily argue that the defendants should each be bound by the forum-selection clause under an alter ego theory, which requires the presence of factors including inadequate capitalization, noncompliance with corporate formalities, lack of a separate corporate identity, excessive fragmentation, siphoning of funds by the dominant shareholder, nonfunctioning officers and directors, and an absence of corporate records. *Glenn v. Wagner*, 313 N.C. 450, 455-58 (1985). In its opinion in this case, the court of appeals also recognized other paths through which defendants could by bound by Franklin Manor's forum-selection clause, which include: where the non-signatory is closely related to the dispute and it would be foreseeable that the non-signatory would be bound, where the dispute against a parent and subsidiary are based on the same facts and are inherently inseparable, and where a non-signatory is equitably estopped from contesting a party's standing to invoke a forum-selection clause. *Bartels*, 880 F.3d at 679-80 (citations omitted).

Plaintiffs have named five defendants in their amended complaint: Saber Healthcare Group, LLC (Saber Group); Saber Healthcare Holdings, LLC (Saber Holdings); Franklin Operations, LLC d/b/a Franklin Manor Assisted Living Center (Franklin Manor); Smithfield East Health Holdings, LLC d/b/a Gabriel Manor Assisted Living Center (Gabriel Manor); and Queen

---

[2] As the court of appeals noted, arbitration is a type of forum-selection clause. *Bartels*, 880 F.3d at 679 n.6.

4

City AL Holdings, LLC d/b/a The Crossings at Steele Creek (The Crossings).[3] Plaintiffs have alleged that the defendants are all alter egos of one another. [DE 47-2] Amd. Cmpl. ¶¶ 27-36. The evidence further supports that plaintiffs have satisfied their burden to show that all of the defendants should be bound by the Franklin Manor forum-selection clause.

Saber Holdings is an Ohio limited liability company with two members: The George S. Repchick Family Dynasty Trust and the William I. Weisberg Family Dynasty Trust. [DE 1-2] Nicoluzakis Decl. ¶ 3. George Repchick and William Weisberg are the trustees of the Repchick Family Dynasty Trust and the Weisberg Family Dynasty trust, respectively. The remaining defendants are also limited liability companies, the sole member of which is Saber Holdings. *Id.* ¶¶ 4-7. The executive officer, general partner, managing member of each of the individual North Carolina care centers – Franklin Manor, Gabriel Manor, and The Crossings – is Saber Holdings or an LLC, the sole member of which is Saber Holdings; George Repchick and William Weisberg are listed as owners, principles, shareholders, and members of each North Carolina care centers. [DE 74-2; 74-3; 74-4]. Repchick and Weisberg are listed as each having 50% interest in the North Carolina care centers, with Repchick identified as president and Weisberg identified as vice president. *Id.*

Saber Group, whose sole member is Saber Holdings, entered into identical "consulting services agreements" with Franklin Manor, Gabriel Manor, and The Crossings, with Repchick signing as CEO of the consultant Saber Group and Weisberg signing as vice president of each of owners of the care centers. [DE 78-10; 75-1; 75-2].[4] The individual North Carolina care centers held themselves out to be "Saber Healthcare Group Assisted Living Communit[ies]" on signage,

---

[3] The Court will refer to Franklin Manor, Gabriel Manor, and The Crossings collectively as the care centers or North Carolina care centers.

[4] Although the consulting agreements were provisionally sealed and the Court will grant the motion to seal, the information referred to herein was also recited in plaintiffs' brief and the Court is unaware of any reason that it should not be a part of the public record in this case.

5

on admissions packets, and online. *See* [DE 74 at 10] (photograph of The Crossings sign); [DE 74-12] (application packet and resident handbook); https://www.saberhealth.com/locations/state/north-carolina (last visited October 23, 2018). The same Saber Group operating account was used to fund the North Carolina care centers, and the Saber Group operating account takes any available balance in the care center bank accounts and transfers it to the Saber Group operating account on nightly basis; checks are then written from the Saber Group operating account on behalf of the care centers when needed. [DE 74-16] Stinger (30(b)(6)) Dep. at 24-25; 32.

All three of the North Carolina care centers owe Saber Group money on interest free loans, and Saber Group receives no benefit from its consulting agreements with the care centers. [DE 74-9] Weisberg Dep. at 33; 40. Each of the North Carolina care centers maintains the same office address as Saber Group, 26691 Richmond Road, Bedford, Ohio. *Id.* at 68-69; [DE 74-2 at 11]; [DE 74-3 at 6]; [DE 74-4 at 11]. The North Carolina care centers share "@saberhealth.com" email addresses. [DE 74-13] Ring Dep. at 90. Although the care centers maintain their own administrators and employees, the North Carolina care centers would also share employees when needed as directed by Saber Group. *See* [DE 74-15] Pruitt Dep. at 29-30; [DE 74-13] Ring Dep. at 90. Residents of the care centers contract to reside at an individual care center, and each care center has distinct fee schedules, *see* [DE 78-18; 19], but the corporate residency agreements are, other than the location of the facility, identical, [DE 46-1], and the North Carolina care center executive directors took direct orders from Saber Group employees with respect to all facets of care center management, including preparation of the budget and hiring and firing of employees if necessary. *See* [DE 74-10] Janco Dep. at 83-84; 149; [DE 74-5] Teachy Dep. at 18-19 (Saber Healthcare involved in day-to-day management of care facility).

Moreover, although Saber Group argues that it operates merely as a consultant to the independent North Carolina care centers, in an email to facility administrators and executive directors, Weisberg discussed the mission of "organization," noting that "the corporation" relies on the administrators and executive directors to further the organization's core value. [DE 95-2].

Defendants contend that this Court must look to the law of the state of incorporation to determine whether the corporate veil may be pierced, and must therefore apply North Carolina, Ohio, and Virginia law to determine whether plaintiffs may pierce the corporate veil of the defendants and find that they are alter egos. Defendants further contend that Ohio law would prohibit veil piercing in this context, at least as to Saber Group and Franklin Operations. North Carolina courts, whose law this Court must apply in determining choice of law issues, have not, however, ruled definitively on whether North Carolina law or the law of the state of incorporation applies to this inquiry. *Strategic Outsourcing, Inc. v. Stacks*, 176 N.C. App. 247, 252 (2006); *see also Excel Staffing Serv., Inc. v. HP Reidsville, Inc.*, 172 N.C. App. 281, 287 (2005) (applying North Carolina law to Georgia corporation); *Insight Health Corp. v. Marquis Diagnostic Imaging of N. Carolina, LLC*, No. 14 CVS 1783, 2018 WL 2728782, at *9 (N.C. Super. June 5, 2018); *but see Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 386 (4th Cir. 2018) ("The law of the state in which an entity is incorporated generally governs the question whether a court may pierce an entity's veil."); *Dassault Falcon Jet Corp. v. Oberflex, Inc.*, 909 F. Supp. 345, 349 (M.D.N.C. 1995) (opining that North Carolina Supreme Court would adopt a rule that law of the state of incorporation would apply when determining whether corporate veil could be pierced).

Because North Carolina state courts have applied North Carolina law when considering whether to pierce the veil of a foreign corporation, this Court will do the same. Under North

7

Carolina law, the presence or absence of a particular factor is not determinative, and the alter ego or instrumentality theory of liability is an equitable one which aims to place the burden of loss on the party who should be held responsible. *Glenn*, 313 N.C. at 458. Plaintiffs' evidence of interrelated corporate structure, siphoning of funds, and domination or control over the day-to-day activities of the NC care centers is sufficient to make a prima facie showing that all of the named defendants were, in fact, Saber entities or alter egos of one another. Moreover, where, as here, multiple corporations have "functioned as a single business enterprise in substance, if not in form," *id.* at 459, North Carolina courts have permitted the corporate veil to be pierced. *See also S. Shores Realty Servs., Inc. v. Miller*, 796 S.E.2d 340, 352 (N.C. Ct. App. 2017) (fact that separate LLC was formed to manage thirteen individual rental properties is evidence from which reasonable fact finder could conclude business enterprise was excessively fragmented); *Microspace Commc'ns Corp. v. Guest-Tek Interactive Entm't, LTD*, No. 5:14-CV-535-F, 2015 WL 4910134, at *3 (E.D.N.C. Aug. 17, 2015) (companies that advertised in a way that made them appear to be the same, had identical corporate leadership, and intermingled bills were properly considered a single business enterprise).

Plaintiffs' evidence further supports that the conduct of the defendants was sufficiently closely related to bind them all to the Franklin Manor forum-selection clause. *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (noting that "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.") (citation omitted). The interrelated corporate and financial structure of the defendant entities is sufficient to show at this stage of the proceedings that interests of the defendants are "directly related to, if not predicated upon" the interests of Franklin Manor, the signatory to the contract containing the forum-

selection clause at issue. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1297 (3d Cir.1996)).

## CONCLUSION

For the foregoing reasons, the Court holds that plaintiffs have satisfied their burden to show that the defendants should all be bound by the Franklin Manor forum-selection clause. This action is remanded in its entirety to the Superior Court of Franklin County, North Carolina. The motions to seal [DE 76 & 90] are GRANTED. *See Lab. Corp. of Am. Holdings v. Cardinal Health Sys., Inc.*, No. 5:10-CV-353-D, 2010 WL 3945111, at *2 (E.D.N.C. Oct. 6, 2010). The motion for leave to file surreply [DE 96] is ALLOWED and the motion for leave [DE 100] is DENIED AS MOOT. The clerk is further DIRECTED to amend the docket to reflect the voluntary dismissal of the claims of Claire M. Murphy and to reflect the corrected party for plaintiff Jeanne Bartels, pursuant to the state court's order entered August 17, 2017. [DE 73-15].

SO ORDERED, this 26 day of October, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE