IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-283-BO

| | |
|---|---|
| WILLIAM H. BARTELS, Executor of the ESTATE OF JEANNE T. BARTELS, and JOSEPH J. PFOHL, Executor of the ESTATE OF BERNICE C. PFOHL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SABER HEALTHCARE GROUP, LLC, SABER HEALTHCARE HOLDINGS, LLC, FRANKLIN OPERATIONS LLC d/b/a FRANKLIN MANOR ASSISTED LIVING CENTER, SMITHFIELD EAST HEALTH HOLDINGS, LLC d/b/a GABRIEL MANOR ASSISTED LIVING CENTER, and QUEEN CITY AL HOLDINGS, LLC d/b/a THE CROSSINGS AT STEELE CREEKE,<br><br>    Defendants. | **ORDER** |

This cause comes before the Court on plaintiffs' motion to stay pending appeal. Defendants have responded in opposition, and the matter is ripe for disposition. For the reasons discussed below, the motion to dismiss is denied.

## BACKGROUND

In April 2016, plaintiffs filed this action in Franklin County Superior Court as a putative class action alleging claims arising from defendants' failure to comply with their contractual and statutory obligations to provide assisted living services that meet the needs of the residents. The plaintiffs that remain in the case are Joseph Pfohl, executor of the estate of Bernice Pfohl, and

Edward Bartels, executor of the estate of Jeanne Bartels. Ms. Pfohl and Ms. Bartels were residents of Franklin Manor.

Plaintiffs named five defendants: (1) Saber Healthcare Group, LLC ("SHG"), (2) Saber Healthcare Holdings, LLC ("SHH"), (3) Franklin Operations, LLC, d/b/a Franklin Manor Assisted Living Center ("Franklin Manor"), (4) Smithfield East Health Holdings, LLC, d/b/a Gabriel Manor Assisted Living Center ("Gabriel Manor"), (5) Queen City Al Holdings, LLC, d/b/a The Crossings at Steele Creek ("The Crossings"). The latter three defendants are the adult care homes, collectively referred to in the complaint as the North Carolina Care Centers. The relationship between the defendants, including the amount of ownership and control exercised by SHH and SHG over the North Carolina Care Centers, is disputed. Defendants removed the case to this Court based on diversity of parties and the Class Action Fairness Act. In October 2020, the Court dismissed the claims against Gabriel Manor and The Crossings.

Plaintiffs each entered into a written contract with defendants called the Assisted Living Residency Agreement (Residency Agreement), under which defendant will provide "basic services" in exchange for consideration ranging from $4,100 or $5,000 per month based on whether a resident elected a small companion suite, large companion suite, or a private studio. Amd. Compl. ¶¶ 47–48. The agreement defined basic services as the provision of "room, board, and such services as may be required for the . . . safety, good grooming, and well-being of the Resident." Basic services were tasks such as assistance with walking, toileting, housekeeping, grooming, eating, delivering medications, and overall supervision and were performed by unlicensed care aides. *Id.* ¶ 49. Residents could pay an additional $900 per month to have the physical assistance of two people for care or dining and an additional $300 per month for the

2

administration of more than six medications. *Id.* ¶ 51. These additional services required defendants to have additional staff members on hand. *Id.* ¶ 52. Plaintiffs allege that defendants consistently staffed its North Carolina Care Centers inadequately, such that they were unable to provide the services that were required for the safety, good grooming, and well-being of the plaintiffs and putative class members. *Id.* ¶ 54. The complaint further alleges that defendants knew or should have known that they would not be able to comply with their obligations under the Residency Agreements and that they never intended to comply with their obligations when they entered into those agreements. *Id.* ¶¶ 104–05. Plaintiffs bring three claims for relief: (1) breach of contract, (2) violation of the North Carolina Unfair Trade Practices Act (UDTPA), N.C. Gen. Stat. § 71–1.1. and (3) injunctive relief to enforce provisions of N.C. Gen. Stat. § 131D-19 *et seq.*

On April 10, 2020, plaintiffs moved to certify class pursuant to Rule 23 of the Federal Rules of Civil Procedure. On October 21, 2020, the Court denied the motion due to failure to satisfy the Rule 23(b)(3) predominance inquiry, as individualized issues outweighed any common issues that plaintiff identified. On November 4, 2020, plaintiffs filed a petition with the Fourth Circuit Court of Appeals for permission to appeal that decision. Plaintiffs filed the instant motion on November 10, 2020 requesting that the Court stay this matter until resolution of the proposed interlocutory appeal.

## DISCUSSION

A district court has inherent authority to manage its docket, which includes the authority to stay litigation pending the outcome of a decision by a court of appeals on an issue which would affect or control the outcome in a case before it. *See Ryan v. Gonzales*, 568 U.S. 57, 73 (2013); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party seeking to stay the case must

3

show "(1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). This test applies to motions to stay pursuant to Federal Rule of Civil Procedure Rule 23(f). *See, e.g., Scott v. Family Dollar Stores, Inc.*, 3:08-cv-00540-MOC-DSC, 2016 U.S. Dist. LEXIS 106317, *4 (W.D.N.C. Aug. 11, 2016). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Rule 23(f) "contemplates that in most cases discovery (at the very least, merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order," *Prado-Steinman v. Bush*, 221 F.3d 1266, 1273, n.8 (11th Cir. 2000); *Scott*, 2016 U.S. Dist. LEXIS 106317, at *4, and stays for Rule 23(f) appeals are infrequent, *Blair v. Equifax Check Serv., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999); *Scott*, 2016 U.S. Dist. LEXIS 106317, at *4.

Here, the Court finds that a balance of hardships weighs against entry of a stay. Plaintiffs have not argued that they are likely to prevail on their Rule 23(f) petition. Instead, a district court's denial of class certification is "generally accorded great deference" and will not be disturbed "even if reasonable persons can disagree as to whether the class certification decision was proper." *Simmons v. Poe*, 47 F.3d 1370, 1380, 1382 (4th Cir. 1995). The Court is not convinced that the Fourth Circuit will find any abuse of discretion in its previous decision. Furthermore, this case has been ongoing for more than four years and has had two previous

4

appeals to the Fourth Circuit. It is in the best interest of judicial economy that this case proceed. The request for a stay is therefore denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to stay pending appeal is DENIED. [DE 149].

SO ORDERED, this ꙮ day of December, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5