IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-283-BO

| | | |
|---|---|---|
| WILLIAM H. BARTELS, Executor of the ESTATE OF JEANNE T. BARTELS, and JOSEPH J. PFOHL, on behalf of themselves and all others similarly situated, Plaintiffs, | ) ) ) ) ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SABER HEALTHCARE GROUP, LLC, SABER HEALTHCARE HOLDINGS, LLC, FRANKLIN OPERATIONS LLC d/b/a FRANKLIN MANOR ASSISTED LIVING CENTER, SMITHFIELD EAST HEALTH HOLDINGS, LLC d/b/a GABRIEL MANOR ASSISTED LIVING CENTER, and QUEEN CITY AL HOLDINGS, LLC d/b/A THE CROSSINGS AT STEELE CREEKE, Defendants. | ) ) ) ) ) ) ) ) ) ) ) | |

This cause comes before the Court on defendants' motion for summary judgement [DE 154], defendants' motion *in limine* [DE 162], plaintiffs' motion *in limine* [DE 168], and two motions to seal [DE 159, 175]. The parties have responded, and the motions are ripe for consideration. For the following reasons, defendants' motion for summary judgement is GRANTED. Defendants' and plaintiffs' motions *in limine* are DENIED AS MOOT. Defendants' and plaintiffs' motions to seal are GRANTED.

BACKGROUND

In April 2016, plaintiffs filed this action in Franklin County Superior Court as a putative class action alleging claims arising from defendants' failure to comply with their contractual and statutory obligations to provide assisted living services that meet the needs of the residents. The plaintiffs that remain in the case are Joseph Pfohl, executor of the estate of Bernice Pfohl, and Edward Bartels, executor of the estate of Jeanne Bartels. Ms. Pfohl and Ms. Bartels were residents

of Franklin Manor. Three defendants remain in the case: (1) Saber Healthcare Group, LLC ("SHG"), (2) Saber Healthcare Holdings, LLC ("SHH"), (3) Franklin Operations, LLC, d/b/a Franklin Manor Assisted Living Center ("Franklin Manor"). The only claim left in this matter is plaintiff's breach of contract claim (First Claim for Relief).

Franklin Manor is a state-licensed "special care unit" for individuals with Alzheimer's and dementia-related medical conditions. Plaintiffs each entered into a written contract with defendants, called the Assisted Living Residency Agreement (Residency Agreement), under which defendants would provide "basic services" in exchange for consideration. The agreement defined basic services as the provision of "room, board, and such services as may be required for the . . . safety, good grooming, and well-being of the Resident." Basic services were tasks such as assistance with walking, toileting, housekeeping, grooming, eating, delivering medications, and overall supervision. Amended Class Action Complaint ¶ 49. Ms. Bartels resided at Franklin Manor for about two weeks, from October 28, 2015 to November 11, 2015. Ms. Pfohl resided at Franklin Manor for about 18 months, from February 21, 2014 to August 28, 2015.

Plaintiffs allege in their complaint that defendants staffed Franklin Manor inadequately, such that the facility "failed to comply with their contractual obligations to provide services to meet safety, good grooming and well-being needs" of the deceased plaintiffs. *Id.* at ¶ 94. Plaintiffs allege that they suffered actual damages by not receiving services that defendants agreed to provide.

Defendants filed the instant motion for summary judgement on April 30, 2021. Plaintiffs responded in opposition on June 11, 2021. Defendants replied on June 25, 2021. Defendants filed a motion *in limine* on May 17, 2021. Plaintiffs filed a motion *in limine* on May 11, 2021. Both parties also filed motions to seal.

## DISCUSSION

**I. Motion for Summary Judgement**

2

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, courts view the evidence and inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). The non-moving party may not rest on mere allegations or denials and cannot present only a scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986). Evidence that is "merely colorable" or "not significantly probative" will not suffice to defeat a motion for summary judgment. *Id.* at 249. If the opposing party fails to bring forth facts showing that "reasonable minds could differ" on a material point, then disposition by summary judgment is appropriate. *Id.* at 250; *see also Teamsters Joint Council No. 83 v. Centra, Inc.,* 947 F.2d 115, 119 (4th Cir. 1991).

Because of notice pleading rules, courts may only consider legal claims that a plaintiff has made in his complaint. *See Barclay White Skanska, Inc. v. Battelle Mem. Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) (unpublished). At the summary judgement stage, "a plaintiff may not raise a new claim without amending his complaint." *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009). "A plaintiff may not amend [his] complaint through argument

3

in a brief opposing summary judgment." *Barclay*, 262 F. App'x at 563. A legal theory or claim that is not raised in the complaint is deemed abandoned. *See Cloaninger*, 555 F.3d at 336; *Brass v. SPX Corp.*, No. 3:14-CV-656, 2019 WL 7373785, at *2 (W.D.N.C. Dec. 31, 2019) ("[c]ourts routinely refuse to consider legal theories not alleged in the complaint and raised for the first time in a brief in opposition to a motion for summary judgment."); *Lee v. Certainteed Corp.*, 123 F. Supp. 3d 780, 794 (E.D.N.C. 2015) (refusing to consider defendant's liability based on a joint enterprise theory because plaintiff failed to plead such a theory and raised it for the first time in plaintiff's brief in opposition to a motion for summary judgment).

If the moving party files a motion for summary judgement based on a legal theory in plaintiff's complaint and the opposing party fails "to address arguments made in favor of summary judgment, the opposing party concede[s] that summary judgment is appropriate." *Kettle v. Leonard*, No. 7:11- CVS-189, 2012 WL 4086595, *5 (E.D.N.C. Sept. 17, 2012) (quotations omitted). Failing to address arguments made in favor of summary judgement amounts to "an outright failure to join in the adversarial process [and] ordinarily results in waiver." *Alvarez v. Lynch*, 828 F.3d 288, 295 (4th Cir. 2016) (quotations omitted).

*1. Genuine Issue of Material Fact*

First, the Court will determine if there are genuine issues of material fact. The Court will view the evidence and applicable inferences in the light most favorable to the plaintiffs, the non-moving party.

Plaintiffs assert in their Amended Class Action Complaint ("Amended Complaint") that defendants "failed to comply with [defendants'] contractual obligations to provide services to meet the safety, good grooming and well-being needs of the [plaintiffs]." Amend. Complaint ¶ 94. Plaintiffs allege in their amended complaint that defendants failed "to comply with their contractual obligations to provide Basic Services" promised in the Residency Agreement because

4

defendants "did not have enough staff." *Id.* at ¶ 12.[1] Plaintiffs state that the purpose of the Residency Agreement was "for the provision of assisted living services," including Basic Services and Additional Services. *Id.* at ¶ 91.

Defendants argue that both deceased plaintiffs received the services that they paid for and that their care needs were being met. Instead of addressing the breach of contract theory plaintiffs asserted in their amended complaint, plaintiffs pivot and assert a new breach of contract theory in their response in opposition. Plaintiffs for the first time assert that defendants breached the residency contract by failing to staff Franklin Manor in accordance with North Carolina statutory requirements. Plaintiffs appear to abandon the breach of contract in their amended complaint and state in their opposition response that plaintiffs' claims "do not hinge on whether Franklin Manor met the needs of Ms. Pfohl or Ms. Bartels. Rather, [p]laintiffs' claims are that Franklin Manor did not comply with its promise to staff Franklin Manor in accordance with North Carolina's minimum staffing requirements." [DE 170 pg. 15]. Plaintiffs state further "this case has nothing to do with the impact of Defendants' staffing failures on Ms. Pfohl or Ms. Bartels' health, safety, good-grooming, or well-being." [DE 70 pg. 3]. This is a completely new legal theory that was not raised in plaintiffs' amended complaint. Plaintiffs demonstrate that they knew this statutory staffing breach of contract claim was not included in their amended complaint because plaintiffs filed a motion [DE 109] to amend that complaint to add this new theory in October 2019. However, plaintiffs withdrew their motion to amend before the Court had ruled on it. Because the breach of contract by violation of North Carolina staffing law argument was not contained in plaintiffs' Amended Class Action Complaint, this breach of contract theory is deemed abandoned and cannot

---

[1] The complaint separately points out, but not in the context of the breach of contract claim, that the care facilities should maintain licensure and meet the rules and requirements of North Carolina law relating to staffing in care facilities. Amend. Complaint at ¶ 5.

Case 5:16-cv-00283-BO   Document 182   Filed 01/27/22   Page 5 of 8

be raised for the first time in opposition to a motion for summary judgement. *See Cloaninger*, 555 F.3d at 336. The Court will not consider it.

Additionally, plaintiffs clearly fail to address in their response arguments made in favor of summary judgement. Plaintiffs deliberately refuse to address defendants' argument about whether deceased plaintiffs were provided with the services promised in the contract. It is plaintiffs, and not defendants, who have "missed the boat," as plaintiffs aptly put it. Since plaintiffs did not defend the breach of contract theory based on lack of services alleged in their complaint, the Court is entitled to presume that plaintiffs have waived their defense and that summary judgement is appropriate on that claim. *See Alvarez*, 828 F.3d at 295; *Kettle*, 2012 WL at *5.

Even if plaintiffs had not conceded that summary judgement is appropriate on the breach of contract claim, there is no dispute of material fact as to whether Franklin Manor provided the services defendants were contractually obligated to provide and met the needs of the resident plaintiffs. Plaintiffs admit in their opposition that, after five years of discovery, there is no evidence that plaintiffs did not receive the services that they paid for or that their needs were not met. Plaintiff Pfohl brought this suit, at least in part, because be believed that Franklin Manor was responsible for his mother's death in part due to the Manor allegedly not providing his mother with the two-person assist that he was paying for. [DE 171]. However, plaintiff Pfohl also concedes that he has no information about the levels of staffing and supervision at Franklin Manor, and therefore cannot provide more than naked assertions that are not supported by the voluminous discovery. [DE 171]. Plaintiffs do not dispute defendant's assertions that plaintiffs had their needs met by adequate or above average care at Franklin Manor. [DE 171]. Plaintiff states that "[p]laintiff does not dispute that Franklin Manor and Saber satisfied the applicable standard of care" for the deceased defendants. [DE 171 pg. 19]. Plaintiffs state that "[d]efendants' staffing failures may or may not have impacted Ms. Bartels' and Ms. Pfohl's health, safety, good grooming, and well-

being." [DE 70 pg. 3]. Plaintiffs can bring forward no specific facts, allegations, or evidence that resident plaintiffs were not receiving the services that they paid for.

Plaintiffs concede the factual issue at the heart of this lawsuit – that deceased plaintiffs had their needs met—and plaintiffs present no probative evidence that plaintiffs did not receive services they paid for. Defendants have met their burden in showing there is no dispute of material fact and plaintiff has failed demonstrate that a triable issue of fact exists. Accordingly, the Court finds that there is no genuine dispute of material fact.

*2. Judgement as a Matter of Law*

Not withstanding plaintiffs' having waived their opposition to defendants' motion to for summary judgment, the Court will next discuss whether defendants are entitled to judgement as a matter of law. Under North Carolina law, the "elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26 (2000) (citing *Jackson v. California Hardwood Co.,* 120 N.C. App. 870, 871 (1995)). "In order for a breach of contract to be actionable it must be a material breach, one that substantially defeats the purpose of the agreement or goes to the very heart of the agreement, or can be characterized as a substantial failure to perform." *Long v. Long*, 160 N.C. App. 664, 668, 588 S.E.2d 1, 4 (2003).

Both parties agree that there was a valid contract between plaintiffs and defendants for residency, care, and services at Franklin Manor. As stated previously, plaintiffs have failed to bring any evidence that defendants breached the contract by failing to provide services that were paid for or by failing to meet the needs of deceased plaintiffs. Thus, plaintiffs have failed to demonstrate the existence of a crucial element of their breach of contract claim – the breach. Accordingly, defendants are entitled to judgement as a matter of law.

7

Defendants have proven that there are no genuine issues of material fact for trial and that they are entitled to judgement as a matter of law. Accordingly, Defendants' motion for summary judgement [DE 154] is GRANTED.

## II. Motions *in Limine*

Defendants filed a motion *in limine* [DE 162] to exclude the report and testimony of Leslie Jarema. Plaintiffs filed a motion *in limine* [DE 168] to exclude the expert reports of James Parsons and Stacy Massey. These motions [DE 162, 168] are DENIED AS MOOT, as the single remaining claim in this case has been disposed of on summary judgement.

## III. Motions to Seal

Defendants filed a motion [DE 159] to seal DE 158. Plaintiffs filed a motion [DE 175] to seal DE 173 and 174. The motions are unopposed and good cause has been shown. Accordingly, the motions to seal [DE 159, 175] are GRANTED.

## CONCLUSION

Defendants' motion for summary judgement [DE 154] is GRANTED. Defendants' motion *in limine* [DE 162] is DENIED AS MOOT. Plaintiffs' motion *in limine* [DE 168] is DENIED AS MOOT. Defendants' motion to seal [DE 159] is GRANTED. Plaintiffs' motion to seal [DE 175] is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this **2 7** day of January, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE